UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

================================================X    **Case No. 22-cv-06455-AKH**

ARIEL E. BELEN, as Temporary Co-Trustee of the
Trust created by Harold Herman dated March 1, 1990
and as Temporary Trustee of the Trust created by
Rosemarie Herman dated November 27, 1991,
and ROSEMARIE HERMAN, as Co-Trustee of the
Trust created by Harold Herman dated March 1, 1990,

    Plaintiffs,

-against-

JULIAN M. HERMAN, ROCLA, LLC, ROCLAB, LLC,
THE VANGUARD GROUP, INC., OAKWORTH
CAPITAL BANK, DENTONS SIROTE, PC,
DENTONS US LLP, and HOWARD NEISWENDER,

    Defendants.

================================================X

The motion for a stay or enlargement of time is denied. This federal action is not contingent on any other lawsuits. An Answer shall be filed when due. SO ORDERED.

/s/ Alvin K. Hellerstein
U.S.D.J.
February 12, 2024

**DEFENDANT'S MOTION TO STAY OR EXTEND TIME TO FILE ANSWER, AFFIRMATIVE DEFENSES, AND COUNTER CLAIM, OR IN THE ALTERNATIVE, MOTION TO TOLL THE TIME LIMIT TO FILE COUNTERCLAIMS**

## INTRODUCTION

On September 12, 2023, the Honorable Jennifer G. Schecter, J.S.C., of the Supreme Court of the State of New York, County of New York filed in the office of the New York County Clerk a Decision and Order that ordered Defendant to discontinue, by September 13, 2023, all pending litigation against Hon. Ariel E. Belen (Ret.) (the "New York State Court Matter" herein). This included all litigation pending in New York, Colorado, and Florida. A copy of the Decision and Order is annexed hereto as **Exhibit "A."** The New York State Court further warned Defendant Herman that failure to comply with the order within 24 hours would result in criminal contempt. Thus, with no other option, Defendant Herman dismissed Ariel E. Belen from all pending matters in all jurisdictions.

In response to Judge Schecter's September 13, 2023, Decision and Order, Defendant Herman and his counsel then filed a Notice of Appeal to the Supreme Court of the State of New

York dated September 22, 2023. *See Herman, et al. v. Herman, et al.*, No. [Index No. 650205/2011] (N.Y. App. Div. 1st Dept. 2023). This appeal specifically challenges the lower court's Decision and Order preventing Defendant Herman from pursuing any claims against Ariel E. Belen in any jurisdiction. This appeal is still pending before the Supreme Court of the State of New York.

While the above Order and Appeal have been filed in a separate matter, they have a significant impact on the litigation of the present case. Specifically, on January 30, 2024, Ariel E. Belen, as Temporary Co-Trustee of the Trust created by Harold Herman dated March 1, 1990, and as Temporary Trustee of the Trust created by Rosemarie Herman dated November 27, 1991, along with Rosemarie Herman, as Co-Trustee of the Trust created by Harold Herman dated March 1, 1990, filed a Second Amended Complaint on January 30, 2024, in the present case. The deadline to respond to this Second Amended Complaint is currently due February 13, 2024.

Due to the still pending Decision and Order in the New York State Court Matter, Herman is currently unable to assert any counterclaims which he believes may be applicable and necessary to the defense of this case, without finding himself in violation of that Court. As such, and for the reasons outlined below, Herman requests this Honorable Court to stay or extend the time for Herman to file his Answer, Affirmative Defenses, and Counterclaims until ten days after the New York Supreme Court issues a ruling on the pending appeal of the Decision and Order in the New York State Court Matter, or in the alternative, and at the very least, toll the time to file his counterclaim, until ten days after the New York Supreme Court can rule on the pending appeal of the Decision and Order in the New York State Court Matter. Should this Court deny this Motion to Stay, Herman respectfully requests ten days from the date of the denial to file his Answer and Affirmative Defenses.

**ARGUMENT**

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc*., 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co*., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). In determining whether a stay should issue, the Court should consider (1) the likelihood that the party seeking a stay will prevail on the merits of the appeal, (2) the likelihood of irreparable harm to the movant if the stay is denied, (3) the possibility of substantial harm to others resulting from the stay, and (4) the public interest in granting the stay. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Although the first factor is important, the Court must consider the cumulative effect of the other three equitable factors. Thus, even where a court disagrees with the moving party regarding the merits, a court may stay enforcement of its ruling if it finds that the moving party has presented a "substantial case on the merits" and that the other three factors weigh heavily in the moving party's favor. *Wash. Metro Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977) ("[A] court, when confronted with a case in which the other three factors strongly favor interim relief may exercise its discretion to grant a stay if the movant has made a substantial case on the merits. The court is not required to find that ultimate success by the movant is a mathematical probability, and indeed, as in this case, may grant a stay even though its own approach may be contrary to movant's view of the merits."). Indeed, "[a]n order maintaining the *status quo* is appropriate when a serious legal question is presented, when little if any harm will befall other interested persons or the public and when denial of the order would inflict irreparable injury on the movant." *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981).

## I.      Herman Has Presented a Substantial Case on the Merits.

First, there is a strong likelihood of success on the merits. As noted above, the Decision and Order in the New York State Court Matter made an extraordinary finding that Herman had to dismiss all claims and appeals against an opposing party, regardless of what jurisdiction that claim may be in. Specifically, the Court held:

> . . . by September 13, 2023, defendant Julian Maurice Herman shall discontinue all pending litigation (including the action entitled J*ulian Maurice Herman v. Ariel E. Belen, as Temporary Trustee, et al*., pending in the Circuit Court of the 17th Judicial District in and for Broward County, Florida, Case No. CACE-23-014592) and all appeals (including the appeal currently pending in the Fourth District Court of Appeal in the State of Florida, Case No. 4D2023-1638) as against Hon. Ariel E. Belen (Ret.) and e-file proof that he has done so . . . .

**Exhibit "A".**

However, the above decision of the Court was in error, as it not only ignored the timeliness, or lack thereof, of the Plaintiffs' motion, but also ignored the very language of the Order that Herman was alleged to have violated.

In summary, on October 16, 2013, the Court in the New York State Court Matter entered an Order Appointing Temporary Trustee ("2013 Trustee Order" herein), which contained a directive, providing: "None of the parties in the Actions or Related Actions may commence any action against the Trustee without prior order of this court obtained by motion **or notice to said parties**." (emphasis added). Subsequently, on September 26, 2017, an Order and Judgment was entered against Herman, which has served as the subject of litigation, across multiple jurisdictions[1], over the last six years.

---

[1]  There are currently actions pending in the State of Florida, State of New York, Federal District Court of Colorado, and Federal Southern District of New York.

4

While the 2013 Trustee Order specifically allowed actions against the Trustee with "notice to said parties," the Plaintiffs used this 2013 Trustee Order to argue **in August 2023** that Herman was prevented from asserting any claims against the Plaintiff, Ariel E. Belen, in any jurisdiction of the United States, regardless of what those claims may be. (emphasis added). Of note, the parties have been litigating the 2017 Judgment's enforceability since shortly after the Judgment was entered and the Plaintiffs in this action waited *over four years* to meaningfully raise the 2013 Trustee Order, and their incomplete reading of it, as some bar to lawful enforcement defense actions. Plaintiffs have, for nearly four years, in other forums raised numerous arguments as to their claims of non-viability of Herman's enforcement defenses; yet, except for very limited circumstances and explicitly in a footnote in April 2020, the 2013 Trustee Order was never among those defenses.[2] Herman did not violate the express terms of the 2013 Trustee Order because each of the complained-of actions was with "notice to said parties," and the ruling of Court in the New York State Court Matter finding otherwise was clearly in error.[3]

Herman has appealed this Decision and Order and, given the breadth and sweeping implications of such an order, is likely to succeed on the merits. Specifically, Herman has argued in the appeal of the New York State Court Matter that the Plaintiffs cannot show prejudice by clear and convincing evidence when they chose to wait over four years to meaningfully raise the allegations that formed the basis of the September 12, 2023, Order. Herman is raising appellate

---

[2] In 2020, Herman initiated litigation against the Plaintiffs, including Ariel Belen and Rosmarie Herman, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County Florida, Case No.: 2019-CA-015553. On June 8, 2020, Ariel Belen and Rosemarie Herman filed a motion to dismiss Herman's amended complaint, which, through a footnote, addressed the 2013 Trustee Order. On October 20, 2020, the Florida State Court issued an Order fully denying the motion to dismiss the complaint. After losing the Motion to Dismiss in this Florida action, the Plaintiffs failed to immediately pursue the enforcement of the 2013 Trustee Order in the New York State Court Matter, and instead waited over four years before bringing this disputed issue to the New York Court's attention.

[3] Of note, the Court in the New York State Court Matter acknowledged in its Decision and Order that "plaintiffs' own reading of the order undermines their position (see Dkt. 2017 at 4; see also Dkt. 2061 at 3)." See **Exhibit "A."**

arguments of both waiver and latches which are supported by New York case law and prevent the sanctions imposed in the New York State Court Matter. *See Dante v. 310 Assocs.*, 121 A.D.2d 332, 333 (1st Dep't 1986) (internal quotation marks omitted). Given the delay on the part of Plaintiffs, the scope of the Decision and Order, along with the indisputable prejudice to Herman, there is no question that there is a strong likelihood of success on the merits.

## II. Absent a Stay, Herman Will Suffer Irreparable Harm.

It cannot be denied that Herman will suffer irreparable injury if the stay is denied. Herman has a legitimate and narrow counterclaim that is essential to the present lawsuit. Specifically, Herman has evidence of conspiracy and fraud on the part of the Plaintiffs that goes to the very heart of the allegations being levied against him in the Second Amended Complaint. Rule 13(a) requires a litigant to "state as a counterclaim any claim . . . if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . .." Such counterclaims are denominated compulsory, and no independent basis of federal jurisdiction is needed for the court to adjudicate the ancillary issues thus raised, if the main claim itself presents a colorable federal issue. *See, e. g., Moore v. New York Cotton Exchange*, 270 U.S. 593, 609, 46 S.Ct. 367, 70 L.Ed. 750 (1926); *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504, 41 L.Ed.2d 243 (1974). **Moreover, a compulsory counterclaim, unless specifically accepted, must be pleaded or be forever barred**. *See, e. g., Baker v. Gold Seal Liquors, Inc., supra*, 417 U.S. at 469 n. 1, 94 S.Ct. 2504; *Pipeliners Local Union No. 798 v. Ellerd*, 503 F.2d 1193, 1198 (10th Cir. 1974) (emphasis added).

As noted above, Herman's counterclaim is directly related to the allegations within Plaintiffs' Second Amended Complaint and is therefore compulsory. To deny a stay of the Answer and Affirmative Defenses, or at the very least, a stay of the filing of counterclaims, would

effectively bar Herman from pursing his own independent causes of action against Plaintiffs and would disavow him of the due process rights that are the backbone of the American legal system.

### III. There Is No Harm to Plaintiff, or Anyone Else, from the Stay.

There can be no argument that such a stay will cause any injury to Plaintiffs in the instant case. The present matter has been pending since June 24, 2022, and still remains in the pleading stage, as evidenced by the filing of a Second Amended Complaint on January 30, 2024. Thus, there is no harm to Plaintiffs if the present case is delayed for a little longer while the New York Supreme Court has an opportunity to weigh in on the important legal issues regarding the breadth and constitutionality of the September 12, 2023, Decision and Order.

### IV. It Is in the Public Interest to Grant the Stay.

Finally, the granting of a limited stay in this matter would serve the public interest and the interest of the Courts as it will simplify the issues and reduce the burden of litigation on the parties and the Court. Conservation of judicial resources is a "fundamental goal [] of multidistrict litigation practice," and stays are appropriate when they serve judicial economy. *Royal Park Inv. SA/NV v. Bank of Am. Corp,* 2013 WL 1509854, at *4-5 (S.D.N.Y Apr. 12, 2013). As such, staying this action until a determination is made as to the validity of the Decision and Order in the New York State Court Matter is in the best interest of the courts, non-parties, and the public because it promotes the efficient use of judicial resources and "minimiz[es] the possibility of conflicts between different courts." *N.Y. Power Auth. v. United States*, 42 Fed. Cl. 795, 799 (Fed. Cir. 1999).

## **CONCLUSION**

For the reasons stated, Defendant Julian M. Herman respectfully asks the Court to stay this case in its entirety pending a decision by the Appellate Division of the Supreme Court of the State

7

of New York, First Judicial Department in *Herman, et al. v. Herman, et al.*, No.: #: 2023-05703 (N.Y. App. Div. 1st Dept. 2023). In the alternative, Defendant Herman requests this Court to, at the very least, toll the time to file counterclaims until 20 days after a decision has been rendered on the appeal of the September 12, 2023, Decision and Order in the New York State Court Matter.

Dated: February 8, 2024
New York, New York

                Respectfully submitted,

                **KAUFMAN DOLOWICH, LLP**

                */s/Jack Kallus*
                Jack Kallus, Esq.
                Fla. Bar No.: 56111
                jkallus@kaufmandolowich.com
                One Financial Plaza
                100 SE 3rd Avenue, Suite 1500
                Ft. Lauderdale, FL 33301
                Telephone:(954) 302-2360

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: COMMERCIAL DIVISION

PRESENT: HON. JENNIFER G. SCHECTER        PART 54
                                          Justice
-----------------------------------------------------------X
ROSEMARIE A. HERMAN, AND, ROSEMARIE A. HERMAN,

                        Plaintiffs,

            - v -

JULIAN MAURICE HERMAN, J. MAURICE HERMAN, J.
MAURICE HERMAN, MICHAEL OFFIT, MICHAEL OFFIT,
MICHAEL OFFIT, MAYFAIR YORK LLC, WINDSOR PLAZA
LLC, WINDSOR PLAZA LLC, AVON BARD LLC, MERIT
MANAGEMENT LLC, PRIMROSE MANAGEMENT
LLC, KEYSTONE MANAGEMENT LLC, CONSOLIDATED REALTY
HOLDINGS LLC, SETON INDUSTRIAL CORP., ARDENT
INVESTMENTS LLC, TRUST FOR ARCHITECTURAL
EASEMENTS, ABC COMPANY, JOHN DOE, COURT
APPOINTED GUARDIAN AD LITEM (FOR GALVIN ESMAIL &
JESSE ESMAIL),

                        Defendants.
-----------------------------------------------------------X

INDEX NO.           650205/2011
MOTION SEQ. NO.     050

DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 050) 2016, 2017, 2018, 2019, 2020, 2021, 2022, 2023, 2024, 2025, 2026, 2027, 2028, 2029, 2030, 2031, 2032, 2033, 2034, 2035, 2036, 2049, 2050, 2051, 2052, 2053, 2054, 2055, 2056, 2057, 2058, 2059, 2060, 2061, 2062, 2063, 2070, 2071, 2072, 2077, 2079
were read on this motion to/for                    CONTEMPT                    .

Plaintiffs move to hold defendant and his counsel in civil and criminal contempt for violating the July 16, 2013 appointment order by asserting claims in Florida and Colorado against the Trustee without prior court approval (*see* Dkt. 564 at 4). Plaintiffs suggest that defendant's reading of the words "on notice" as "or notice" is illogical (why would anyone ever seek leave when you can just provide notice?) and inconsistent with any reasonable attorney's understanding of this boilerplate provision in fiduciary appointment orders, which tracks the default common law rule (*see Copeland v Salomon*, 56 NY2d 222, 228 [1982], *accord Guberman v Rudder*, 85 AD3d 683, 684 [1st Dept 2011]; *see also Heilbut v Heilbut*, 13 AD3d 199, 200 [1st Dept 2004] ["if defendant genuinely thought the order was ambiguous as to whether there was to be a sale, he should have sought a clarification from Justice Klein Heitler before acting on his own hypertechnical and bad-faith reading of the above-quoted language"]). However, plaintiffs' own reading of the order undermines their position (*see* Dkt. 2017 at 4; *see also* Dkt. 2061 at 3). Yet, the problem for defendant is that even assuming the handwritten portion of the order really says "or" he still could not lawfully "commence any action against the Trustee without prior order of this Court." Thus, regardless of whether it was "obtained by motion or notice" an order was required. Going forward, let there be no doubt, this order will certainly preclude any argument to the contrary.

650205/2011  HERMAN, ROSEMARIE A. vs. HERMAN, JULIAN MAURICE          Page 1 of 3
Motion No. 050

1 of 3

At this point, whether the 2013 order was clear and unequivocal does not really matter much. The ramifications of failing to purge any contempt and the ramifications for failing to comply with this clear and unequivocal order would be the same anyway. The court therefore declines to hold defendant in contempt.

For the avoidance of doubt, there is no question that defendant and his counsel were on notice of the order as it was e-filed, nor is there any question that the Trustee's rights were prejudiced by having to incur substantial legal fees defending an unauthorized lawsuit. Nonetheless, defendant understandably objects to plaintiffs' strategic decision to wait years after the Trustee was sued to bring this motion. While delay alone is not a waiver of the right to hold defendant in contempt, awarding the fees incurred by the Trustee would be inequitable since had the issue been raised as soon as the litigation was commenced, the court would have issued an anti-suit injunction so the fees could have been avoided (see *Hero Boy, Inc. v Dell'Orto*, 306 AD2d 226, 228 [1st Dept 2003] [contempt motion is not barred by waiver but "laches is applicable to the question of damages"]).

The question, therefore, is whether to grant nunc pro tunc and/or prospective leave. The court will not do so (see *Collins v Vickers*, 296 AD2d 320, 321 [1st Dept 2002]). The first Florida case was particularly nefarious, as it was nothing more than a frivolous attempt to relitigate matters conclusively decided in New York. As the Florida court explained:

> "Plaintiff [i.e., Mr. Herman] has not demonstrated a genuine dispute of fact to support litigating the purportedly extrinsic fraud claims presented here. He argues the judgment lacks merit, that it was obtained by falsities, witness tampering or other misdeeds. To the extent any fraud could be characterized as extrinsic it was or could have been addressed by his counsel in the New York Court but for sanctions imposed by that court for his own misconduct. He had a full and fair opportunity and right to appeal those sanctions as well as the judgment itself. Each New York order appealed, sanctions and all, was affirmed. This suit is as much an improper attempt to collaterally attack the ramifications of those sanctions as to attack the judgment. It is not an appropriate use of Florida's domestication proceedings" (Dkt. 2028 at 2).

In other words, there was no extrinsic fraud. Rather, defendant simply sued plaintiffs, their attorneys and the Trustee based on the same arguments already rejected by this court, the Appellate Division and the Court of Appeals in what was clearly retaliatory litigation by a wealthy judgment debtor seeking to hinder plaintiffs' legitimate enforcement actions. Had the lawsuit been filed here, sanctions may well have been issued. While this court lacks familiarity with Florida's procedural rules and thus does not understand why the action was not dismissed prior to summary judgment (*see* Dkt. 2056), the substantial legal fees that were unfortunately incurred by the Trustee could still have been avoided had this motion been filed years ago. Regardless, leave to further proceed against the Trustee is unwarranted.

650205/2011   HERMAN, ROSEMARIE A. vs. HERMAN, JULIAN MAURICE   Page 2 of 3
Motion No. 050

2 of 3

The most recent lawsuit filed in Florida is equally baseless. While the Florida court must of course adjudicate its merits against the defendants other than the Trustee, the court will not tolerate further frivolous litigation against the Trustee. Filing a new lawsuit in a separate county to collaterally challenge discovery determinations smacks of gamesmanship and forum shopping. It would certainly not work in New York and does not appear to be permissible in Florida either (*see* Dkt. 2060). Of course, the theory of the new lawsuit makes no sense (*see id.* at 9-12). Plaintiffs rightfully are seeking broad judgment-enforcement discovery and nothing submitted on this motion suggests their motive for pursuing this discovery is anything other than determining the location of defendant's assets and seeking to obtain them to enforce the judgment. The notion that the Trustee is instead seeking to catch defendant in some sort of perjury trap is as illogical as it is unpersuasive. If defendant seeks to interpose objections to discovery sought in Florida that is, of course, perfectly permissible. But he cannot affirmatively sue the Trustee. Given the context of this motion—defendant having violated a New York court's order and then judge shopping in Florida after being dissatisfied with discovery rulings—his claim to have been the victim of an abuse of process rings hollow.

To be sure, the court wholeheartedly agrees that "it is long past time to dial down the temperature in these cases" (Dkt. 2062 at 7). But for that to occur, Mr. Herman and Mr. Kallus need to accept the legitimacy of the judgment and cease their frivolous efforts to relitigate it. The court sincerely hopes that they have come to recognize that defendant has gone too far and that this needs to stop. Perhaps not (*cf.* Dkts. 2064-2069). Either way, enough is enough.

Accordingly, it is ORDERED that plaintiffs' motion is GRANTED IN PART only to the extent that by September 13, 2023, defendant Julian Maurice Herman shall discontinue all pending litigation (including the action entitled *Julian Maurice Herman v. Ariel E. Belen, as Temporary Trustee, et al.*, pending in the Circuit Court of the 17th Judicial District in and for Broward County, Florida, Case No. CACE-23-014592) and all appeals (including the appeal currently pending in the Fourth District Court of Appeal in the State of Florida, Case No. 4D2023-1638) as against Hon. Ariel E. Belen (Ret.) and e-file proof that he has done so; Jack Kallus, Esq. shall likewise take all steps necessary to do so to the extent he remains counsel of record in such cases; for the avoidance of doubt, defendants shall not commence or continue any litigation against Hon. Ariel E. Belen (Ret.) without first obtaining an order from this court granting leave to do so; and the prongs of the motion seeking to hold defendant and his counsel in civil and criminal contempt are DENIED.

|  9/12/2023  |  |
|---|---|
|  DATE  | JENNIFER G. SCHECTER, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
|  | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |

650205/2011  HERMAN, ROSEMARIE A. vs. HERMAN, JULIAN MAURICE                Page 3 of 3
Motion No. 050

3 of 3