UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

ARIEL E. BELEN, as Temporary Co-Trustee of
the Trust created by Harold Herman dated March 1,
1990 and as Temporary Trustee of the Trust
created by Rosemarie Herman dated November 27,
1991, and ROSEMARIE HERMAN, as Co-Trustee
of the Trust created by Harold Herman dated
March 1, 1990,

                         Plaintiffs,

   -against-

JULIAN M. HERMAN, ROCLA, LLC, ROCLAB,
LLC, THE VANGUARD GROUP, INC.,
OAKWORTH CAPITAL BANK, DENTONS
SIROTE, PC, DENTONS US LLP, and HOWARD
NEISWENDER,

                         Defendants.

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

22 Civ. 6455 (AKH)

------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Plaintiffs move to reconsider the part of my order of January 17, 2024 that dismissed the First and Third Counts of the First Amended Complaint (FAC). In counts one and three, Plaintiffs had alleged that Defendant The Vanguard Group ("Vanguard"), in responding to a restraining notice served on it pursuant to NY CPLR 5222, failed to disclose that it held accounts of which Plaintiff was beneficial owner, failed to restrain removal of those accounts, and was liable to plaintiffs for its failures. Plaintiffs' motion to reconsider is denied.

      I held, in my order of January 17, 2024, that counts one and three were time-barred, that Vanguard's response of October 3, 2017, even if faulty, was subject to a three-year period of limitations that expired October 3, 2020, and that this lawsuit, filed June 24, 2022, was time-barred by the three-year period of limitations applicable to actions to recover "upon a liability,

1

penalty or forfeiture created or imposed by statute . . ..". NY CPLR 214.2. Under NY CPLR 5222, "disobedience is punishable as a contempt of court." *See Broecker v. Conklin Prop., LLC*, 138 N.Y.S.3d 177, 181 (N.Y. App. Div. 2020) (citing CPLR § 214(4)); *Syndicate Bldg. Corp. v. City Univ. of N.Y*, 573 N.Y.S.2d 386, 389 (N.Y. Ct. Cl. 1991); CPLR § 214(2) (three- year statute of limitations applies to recovery actions "imposed by statute"). I held, also, that Plaintiffs' claim is not entitled to equitable tolling because the same act cannot both be an underlying harm and conceal the underlying harm. *Ross v. Louise Wise Servs. Inc.*, 868 N.E.2d 189, 198 (N.Y. 2007).

The reconsideration standard "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000). This standard is strict, and such motions will generally be denied. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Because "a motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," the instant motion must be denied. *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Plaintiff has not identified an intervening change of controlling law, or new evidence, or the need to correct clear error or prevent manifest injustice. Nevertheless, I add this discussion to my previous order dismissing Plaintiffs' first and third causes of action.

## DISCUSSION

I.    **The 2017 Information Subpoena Response**

Plaintiffs argue that their cause of action accrued, not on October 3, 2017 when Vanguard responded to plaintiffs' restraining notice to the effect that "[n]o open accounts in the name of the Judgment debtor Julian Maurice Herman were located to restrain," but between October 18, 2018 and December 2018 when transfers from the Rocla and Roclab accounts at Vanguard allegedly occurred, or possibly September 26, 2018, the last day Vanguard "was subject to an ongoing duty to identify and restrain accounts owned by the Judgment Debtor." None of these debts help plaintiffs because all of them exceed three years prior to the filing date of this lawsuit, June 30, 2022. Thus, plaintiffs argue that they should benefit by equitable tolling because Vanguard hid the information which, if it had been disclosed, would have allowed plaintiffs then and there to file suit.

CPLR 5222 provides:

(b) . . ..A restraining notice served upon a person other than a judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or . . . is in possession or custody of property in which he or she knows or has reason to believe the judgment debtor . . . has an interest . . .."

CPLR 5222 continues:

All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person [the party served with a restraining notice], including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice . . ..

Plaintiffs' right to sue Vanguard accrued when Vanguard issued a false response, that is, when it failed to disclose what, under CPLR 5222, it was required to disclose, or October 3, 2017. The statute of limitations bars plaintiffs' suit against Vanguard. Plaintiffs argue,

3

however, that they are entitled to equitable tolling because Vanguard concealed its custody of the judgment debtor's property.

Under New York law, equitable estoppel applies when a later and specific act conceals a former tort. *See, e.g., Ross v. Louise Wire Servs. Inc.*, 868 N.E. 2d 189, 198 (N.Y. 2007); *Zumpano v. Quinn*, 849 N.E.2d 926 (N.Y. 2006) ("It is therefore fundamental to the application of equitable estoppel for plaintiffs to establish that subsequent and specific actions by defendants somehow kept them from timely bringing suit"); *Rizk v. Cohen*, 535 N.E.2d 282, 286 (N.Y. 1989) ("plaintiff's allegations do not establish that [defendant], acting with knowledge of prior malpractice, made subsequent misrepresentations in an attempt to conceal his earlier negligence"); *Zoe G. v. Frederick F.G.*, 617 N.Y.S.2d 370 (N.Y. Sup. Ct. 1994) ("the plaintiff has failed to set forth any acts committed by the defendant after the alleged abuse ended which induced her to refrain from proceeding in a timely manner"); *Pearl v. City of Long Beach*, 296 F.3d 76, 82 (2d Cir. 2002) (under New York law, "[o]ur Court has used equitable tolling to mean fraudulent concealment of a cause of action that has in some sense accrued earlier") (internal citations and quotations omitted). Plaintiffs have failed to show any later and specific acts attempting to conceal any deficiency in Vanguard's responses. The doctrine of equitable estoppel is "extraordinary" and rarely granted. *See Twersky v. Yeshiva University*, 993 F.Supp.2d 429, 442-43 (S.D.N.Y. 2014), *aff'd*, 579 F.App'x 7 (2d Cir. 2014).

**The 2020 Florida Subpoena**

Plaintiffs second argument of "clear error" is the failure to consider Vanguard's response to a subpoena Plaintiffs served on it in Florida in October 2020. Plaintiffs base their argument on the following allegation in the FAC:

"In August 2020, based upon, inter alia, information learned in connection with a subpoena to UBS, Plaintiffs served the Judgment Debtor with a Notice of Intent to serve a subpoena on Vanguard in Florida. [The subpoena was served in October 2020.] Vanguard objected to the Vanguard Florida Subpoena on jurisdictional grounds and produced only minimal documents." FAC ¶¶204, 205.

These conclusory allegations are not sufficient on which to base an argument of equitable estoppel.[1]

## CONCLUSION

Plaintiffs' motion for reconsideration is denied. The Clerk shall terminate the open motion at ECF No. 59.

SO ORDERED.

Dated:     March 28, 2024
           New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

---

[1] The FAC also alleges responses by Vanguard on May 25, 2021 and July 7, 2021 to the effect that Vanguard had custody of accounts in the names of Rocla and Roclab for which the judgment debtor was a signatory (FAC §§ 201-204). Plaintiffs allege that this was the first time plaintiffs became aware of the existence of the Rocla and Roclab accounts. (Id. § 205). However, the FAC elsewhere alleges that plaintiffs knew about them as early as September 19, 2017, from a complaint filed by UBS Financial Services, Inc. in the New York Supreme Court. (See ECF 32-3)

5