Case 1:22-cv-06455-AKH Document 86 Filed 04/01/24 Page 1 of 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

(Effective 10/9/18)

ARIEL E. BELEN, as Temporary Co-Trustee of the Trust created by Harold Herman dated March 1, 1990 and as Temporary Trustee of the Trust created by Rosemarie Herman dated November 27, 1991, and ROSEMARIE HERMAN, as Co-Trustee of the Trust created by Harold Herman dated March 1, 1990,
Plaintiff(s),

-against-

JULIAN M. HERMAN, ROCLA, LLC, ROCLAB, LLC, THE VANGUARD GROUP, INC., OAKWORTH CAPITAL BANK, DENTONS SIROTE, PC, and HOWARD NEISWENDER,
Defendant(s).

22 Civ. 6455 (AKH)

**CIVIL CASE MANAGEMENT PLAN**

After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A. The case (is) (is not) to be tried to a jury. [Circle as appropriate].

B. Non-Expert Discovery:

1. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. All non-expert discovery is to be completed by April 30, 2025 which date shall not be adjourned except upon a showing of good cause and further order of the Court. Interim deadlines for specific discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can still meet the discovery completion date ordered by the Court.

   a. The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto.

2. Joinder of additional parties must be accomplished by _______________.

3. Amended pleadings may be filed without leave of the Court until April 29, 2024 to the extent permitted by Federal and Local Rules. Defendant Herman wishes to reserve his right to assert counterclaims following resolution of his pending appeal on Order of the New York Supreme Court dated September 12, 2023 precluding him from asserting such counterclaims

For all causes of action seeking monetary damages, each party shall identify and

quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

D. Motions, Settlement, Second Pre-Trial Conference, and Expert Discovery:

1. Upon the conclusion of non-expert discovery, counsel for the parties shall meet for at least two hours at the office of plaintiff's counsel, to discuss settlement. The date for the meeting is May 6, 2025, at 2:30 p.m. (Counsel shall insert a date but, at the option of either, the date may be canceled upon the service or filing of a dispositive motion and notice to the court.)

a. There shall be no cross-motions.

2. Approximately one week thereafter, the parties shall meet with the Court for a Second Case Management Conference to discuss the status of the case, the prospects of settlement, whether alternative disputes-resolution procedures should be utilized, the need for and a schedule regulating experts and expert-discovery, appropriate motions and schedules therefor, and any other issue counsel or the Court wish to discuss. The Case Management Conference will be held on May 16, 2025, at 10:00 a.m.

3. As to motions, there shall be no more than three rounds of serving and filing papers: supporting affidavits and briefs, opposing affidavits and briefs, and reply affidavits and briefs.

E. Any request for relief from any date provided in this Case Management Plan shall conform to the Court's Individual Rules, and include an order, showing consents and disagreements of all counsel, setting out all dates that are likely to be affected by the granting of the relief requested, and proposed modified dates. Unless and until the Court approves the proposed order, the dates provided in this Plan shall be binding.

F. A final pre-trial conference will be held on a date to be set, as close as possible to the date that trial is expected to begin. The parties, three days before said meeting, shall submit their pre-trial order, conforming to the Court's Individual Rules and, at the conference, deliver their exhibit books containing all exhibits the parties actually intend to offer at the trial.

G. Pre-Trial Motions:

Applications for adjournments and for discovery or procedural rulings will reflect or contain the positions of all parties, and otherwise conform to my Individual Rules 1(D) and 2(E).

SO ORDERED.

DATED: New York, New York
April 1, 2024

/s/ Alvin K. Hellerstein
ALVIN K. HELLERSTEIN
United States District Judge

## ATTACHMENT A

**The Parties are to list the discovery activities (i.e., production of documents, number of depositions, requests to admit, interrogatories) and anticipated completion dates:**

| DISCOVERY ACTIVITIES | COMPLETION DATE |
|---|---|
| 1. Initial Discovery Demands | Monday, April 29, 2024 |
| 2. Written Responses to Initial Discovery Demands | Wednesday, May 29, 2024 |
| 3. Submission of ESI Protocol and Confidentiality Stipulation | Wednesday, June 12, 2024 |
| 4. Commencement of Document Production (to be completed on a rolling basis) | Monday, July 15, 2024 |
| 5. Completion of Document Production | Monday, November 4, 2024 |
| 6. Completion of Fact Depositions | Wednesday, April 30, 2025 |
| 7. | |
| 8. | |
| 9. | |
| 10. | |

**ATTACHMENT B**

**For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:**

**1. PLAINTIFF'S CLAIMS:**

- As against Defendant Vanguard, Plaintiffs assert claims for fraud, conspiracy to commit fraud, and aiding and abetting fraud, seeking damages in an amount no less than the outstanding balance of the judgment against Defendant Herman, together with post-judgment interest.
- As against Defendant Oakworth, Plaintiffs assert claims for conspiracy to commit fraud and aiding and abetting fraud, seeking damages in an amount no less than the outstanding balance of the judgment against Defendant Herman, together with post-judgment interest.
- As against Defendants Dentons Sirote and Neiswender, Plaintiffs assert claims for conspiracy to commit fraud and aiding and abetting fraud, seeking damages in an amount no less than the outstanding balance of the judgment against Defendant Herman, together with post-judgment interest.
- As against Defendant Herman, Plaintiffs assert claims for fraud and conspiracy to commit fraud, and repatriation of assets subject to the judgment pursuant to Fed. R. Civ. P. 69(a) and New York Law, seeking damages in an amount no less than the outstanding balance of the judgment against Defendant Herman, together with post-judgment interest.
- As against Defendants Herman, Rocla LLC and Roclab LLC, Plaintiffs assert a claim for a declaratory judgment piercing the corporate veils of the entities and declaring that their assets may be used to satisfy the judgment against Defendant Herman.

**2. COUNTERCLAIMS AND CROSS-CLAIMS:**

Vanguard has filed cross-claims against Defendants Julian M. Herman ("Herman"); Rocla, LLC; Roclab, LLC; and Howard Neiswender (collectively "Cross-Claim Defendants") for contractual indemnification, breach of contract, and common law indemnity and contribution. As a result of Cross-Claim Defendants' actions, Vanguard has suffered and is entitled to recover all of Vanguard's compensatory damages, including direct, indirect, special, and consequential damages caused by Cross-Claim Defendants' actions. In the event that Vanguard is found liable to Plaintiffs for damages, Vanguard's damages for its cross-claims would include any amounts that it is required to pay to Plaintiffs.

**3. THIRD-PARTY CLAIMS:**