UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                        :

ARIEL E. BELEN and ROSEMARIE HERMAN,  :

                          :

                Plaintiffs,    :

                          :

       -against-                :

                          :

JULIAN M. HERMAN, ROCLA, LLC, ROCLAB,  :
LLC, THE VANGUARD GROUP, INC.,            :
OAKWORTH CAPITAL BANK, DENTONS       :
SIROTE, PC, and HOWARD NEISWENDER,      :

                          :

               Defendants.    :

                          :
------------------------------------------------------------- X

|  |  |
|---|---|
|  | **ORDER DENYING MOTION FOR RECONSIDERATION** |
|  | 22 Civ. 6455 (AKH) |

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Plaintiffs move for reconsideration of my order of August 28, 2024. They object to that order's adoption of certain disputed language in the parties' proposed protective order. The disputed language states:

> "Notwithstanding the above provisions, in the event Plaintiff does not prevail in this Action, Plaintiff shall be restricted from using any documents produced by any of the Parties in any other enforcement action, and must comply with the provisions of paragraph 19 below."

      In *Seattle Times Co. v. Rhinehart*, the United States Supreme Court held that a protective order that "prohibited petitioners from publishing, disseminating, or using the information [obtained through the discovery process] in any way except where necessary to prepare for and try the case" poses no First Amendment issue. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 27, 37 (1984). The Court stressed the "interest of the judiciary in the integrity of its discovery processes" and noted that "[t]he unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." *Id.* at 28, 36. My adoption

1

of a similar provision in a protective order restricting the use of documents obtained during

pretrial discovery is appropriate.

However, in the interest of justice, information discovered in the case before me

should still be available for use upon leave granted by me or by any other judge, in which case

the court will settle an appropriate order.

Plaintiffs' motion for reconsideration is denied, except to the extent granted.  The

Clerk shall terminate ECF Nos. 104 and 105.

SO ORDERED.

/s/ Alvin K. Hellerstein

Dated:          September 19, 2024

_____
ALVIN K. HELLERSTEIN
United States District Judge