UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

ARIEL E. BELEN, as Temporary Co-Trustee of the
Trust created by Harold Herman dated March 1, 1990
and as Temporary Trustee of the Trust created by
Rosemarie Herman dated November 27, 1991, and
ROSEMARIE HERMAN, as Co-Trustee of the Trust
created by Harold Herman dated March 1, 1990,

                              Plaintiffs,

      -against-

JULIAN M. HERMAN, ROCLA, LLC, ROCLAB,
LLC, THE VANGUARD GROUP, INC.,
OAKWORTH CAPITAL BANK, DENTONS SIROTE,
PC, and HOWARD NEISWENDER,

                            Defendants.

-----------------------------------------------------------------------X

              Case No. 22-cv-6455

## ~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER

WHEREAS, this stipulation (the "Stipulation") is being entered into by the appearing

parties,[1](the "Parties") to the above-captioned action (the "Action") to facilitate the production,

exchange, and discovery of documents and information in this Action that may contain certain

sensitive information of the Parties, or non-parties, including personal financial information,

personal identifying information, or proprietary commercial information, warranting protection

under Federal Rule of Civil Procedure 26(c); and

---

[1] The appearing parties are plaintiffs ARIEL E. BELEN, as temporary co-trustee of the Trust created by Harold Herman dated March 1, 1990, and as temporary trustee of the Trust created by Rosemarie Herman dated November 27, 1991 and ROSEMARIE HERMAN, as Co-Trustee of the Trust created by Harold Herman dated March 1, 1990, and defendants JULIAN M. HERMAN, THE VANGUARD GROUP, INC., OAKWORTH CAPITAL BANK, DENTONS SIROTE, PC and HOWARD NEISWENDER.

**Error! Unknown document property name.**

WHEREAS, the Parties agree that good cause exists to protect the confidentiality of such information; and

WHEREAS, the Parties agree to submit this Stipulation to the Court in this Action to be entered as a Stipulated Protective Order; and

IT IS HEREBY ORDERED, with the consent of the Parties through their counsel, as follows:

1.      The terms "Producing Party" or "Designating Party" shall mean any Party, or non-party who agrees to be bound to the terms of this Stipulation, that designates any documents, deposition testimony, or other discovery materials, or portions thereof, as "Confidential," as defined in this Stipulation.

2.      The term "Receiving Party" shall mean any Party, or any non-party who agrees to be bound to the terms of this Stipulation, that receives documents, deposition testimony, or other discovery material designated as Confidential by any Producing Party.

3.      The term "Personal Identifying Information," or "PII," shall mean home addresses, social security number, date of birth, and personal email addresses.

4.      A Producing Party may designate as "Confidential" any document, deposition testimony, or other discovery material in this Action that contains PII, personal financial information, proprietary or commercially sensitive business information, information that is restricted from disclosure by law, or other information, the disclosure of which, in the good faith judgment of the Producing Party, would be detrimental to the conduct of that Producing Party's business or of the business of any of that Producing Party's customers or clients ("Confidential Material"). Notwithstanding the foregoing, Confidential Material shall *not* include any document or other material that (i) is publicly available; (ii) was obtained by the Receiving Party other than

through discovery in this Action, except to the extent such document or material is subject to a separate protective order entered by a court of competent jurisdiction; or (iii) is held by the Court to not constitute Confidential Material. [2]

5.     With respect to documents, the Producing Party may designate such document, or any portion thereof, as "Confidential" by stamping or otherwise clearly marking the document or protected portion thereof as "Confidential" in a manner that will not interfere with legibility.  If, in the good faith determination of the Producing Party, only portions of a document constitute Confidential Material, then the designation shall be limited to that portion(s).

6.     With respect to deposition testimony, the Producing Party may designate portions of testimony as "Confidential" either on the record during the deposition, or in writing to counsel for all Parties (and non-parties if applicable) within fourteen (14) days of receipt of the final transcript. All deposition transcripts shall be treated as "Confidential" until the expiration of the 14-day period.

7.     If any Party believes that certain Confidential Material should be further restricted to "Attorneys' Eyes Only," the party seeking further restriction shall so advise the other Parties in writing.  All Parties agree to meet and confer in good faith to address such request within five (5) business days of such request being made.  In the event that one or more Parties does not agree that the specified Confidential Material warrants an AEO designation, the requesting Party may, within seven (7) business days of the meet-and-confer, seek a further protective order, by application to the Court, upon a showing that access to certain Confidential Material should be restricted to "Attorneys' Eyes Only."  All Parties agree to treat any Confidential Material subject

---

[2] The Parties agree that this provision is not intended to waive any Party's right to assert common law or statutory privilege that the Party believes in good faith permits or requires that Party to withhold a particular document or material from disclosure, including but not limited to 12 C.F.R. § 21.11(k) (Suspicious Activity Report).

to a dispute concerning an AEO designation as restricted to "Attorney's Eyes Only" unless and until: (i) the requesting Party withdraws the request for an AEO designation; or (ii) the Court issues an Order directing otherwise; or (iii) absent an agreement of the Parties resulting from their meet and confer, the requesting party fails to make any application to the Court for a further protective order within seven (7) business days of the date of the meet and confer. For the avoidance of doubt, nothing in this Protective Order shall be construed as a waiver of any Party's right to seek an "Attorneys' Eyes Only" designation for Confidential Material pursuant to the procedure set forth in this Paragraph 7.

8.      Except as provided in paragraph 9 below, the use of any Confidential Material, including all information derived therefrom, shall be restricted solely to the litigation of this Action, and shall not be used by any Party except the Producing Party for any business, commercial, or competitive purpose, or in connection with any other dispute, litigation, or proceeding not involving the Parties to this Action, except upon written consent of the Producing Party. Should a dispute arise as to the source of any specific information or document(s), the burden shall be on the Party claiming that such information or document was lawfully obtained through means and sources not in violation hereof.

9.      Notwithstanding paragraph 8, nothing herein shall restrict Plaintiff's use of information obtained from Confidential Material (as defined in paragraph 4 above) produced in this Action, for the purpose of enforcing or collecting the Judgment against defendant Julian M. Herman; provided, however, that Plaintiffs shall not disclose a copy of any document produced in this Action with a Confidential designation by defendants Julian M. Herman, Vanguard Group, Inc., Oakworth Capital Bank, Dentons Sirote PC, or Howard Neiswender, absent written consent of the Producing Party, which consent shall not be unreasonably withheld, or order of the Court.

4

In the event the document to be disclosed is sought by a third party through legal process in another litigation or proceeding, the provisions of paragraph 14 apply. Notwithstanding the above provisions, in the event Plaintiff does not prevail in this Action, Plaintiff shall be restricted from using any documents produced by any of the Parties in any other enforcement action, and must comply with the provisions of paragraph 19 below, absent leave granted pursuant to the Order entered by this Court dated September 19, 2024, ECF Doc. No. 106.

10.    If a Party other than the Producing Party seeks to file with the Court portions of any documents, testimony or other material designated as "Confidential," or any papers containing or making reference to such materials, such filing Party shall take all reasonable steps to apply for leave to file the materials under seal, in full compliance with Judge Hellerstein's Individual Practice Rule 4, and any other Court rules or procedures governing this Action. If the Court thereafter directs the filing of a formal motion, or submission of supplemental documentation in support of an application to seal, the Producing Party shall bear the burden of making such motion or submitting such documentation as directed.

11.    Use and review of any Confidential Material shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

(a)    Outside counsel for the Parties providing legal advice in connection with the Action; the attorneys, paralegals, administrative staff, and stenographic and clerical employees for the respective law firms of such outside counsel; the personnel supplied by any independent contractor (including litigation support service personnel) with whom such attorneys work in connection with the Action.

(b)    Any employee, director, officer, or manager of any party to this Action to the extent necessary to further the interest of the parties in this litigation, including in-house counsel.

(c)    Fact witnesses and corporate designee deponents in this proceeding.

(d)    Independent consultants, trial or jury consultants, and expert witnesses. This includes partners, associates and employees of the firm which employs such consultant or expert retained by a party or its attorneys for purposes of this litigation, but only to the extent outside counsel for that party deems necessary to further the interest of the parties in this litigation.

(e)    The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this Action,

(f)    The authors or the original recipients of the documents.

(g)    Any court reporter or videographer reporting a deposition in this Action.

(h)    Employees of vendors retained by outside counsel and/or the parties (e.g., copy services, microfilming or database services, e-discovery services, document review services, etc.), trial support firms, and/or translators who are engaged by the parties during the litigation of this Action.

12.    Prior to being shown any Confidential Material, any person listed under Paragraph 11(c) or 11(d) shall agree to be bound by the terms of this Stipulated Protective Order by signing the confidentiality agreement attached as Exhibit A, a copy of which shall be retained by counsel for the Party disclosing the Confidential Material for one year after the completion of this Action so that it may be shown to counsel for the Producing Party upon a showing of good cause (as determined by the Court).

13.     Whenever Confidential Material is to be disclosed in a deposition, hearing, or pre-trial proceeding, absent a Court order to the contrary, the Producing Party may exclude from the room any person, other than persons designated in Paragraph 11 as appropriate, for that portion of the deposition, hearing, or pre-trial proceeding.

14.     In the event any non-party that is not identified in paragraph 11 above seeks access to Confidential Material from a Receiving Party by means of subpoena or otherwise, the Party receiving such request shall:  (a) promptly notify the Producing Party in writing of the non-party's request, and (b) refrain from producing, granting access to, or otherwise making available any such Confidential Material unless authorized in writing by the Producing Party or until ordered to do so by a court of competent jurisdiction.

15.     Each Party reserves the right to dispute a Producing Party's designation of a document, testimony, or other material as "Confidential," in accordance with the terms herein.  If a Party believes that any documents, testimony, or other materials have been inappropriately designated as "Confidential" by the Producing Party, that Party shall serve a written objection (including by email) on the Producing Party. The Producing Party shall thereafter, within fourteen (14) days, respond to such objection in writing (including by email), either agreeing to remove the designation or stating the reasons for maintaining the designation. Failure to respond within 14 days shall constitute consent to the request.  If consent is withheld, the Parties shall meet and confer in good faith.  As part of that conferral, the Producing Party must assess whether designation of a portion of the document as "Confidential" is a viable alternative to designation of the entire document as such.  If the Parties are unable to resolve the matter informally, a Party may file an appropriate motion before the Court requesting that the Court resolve the dispute.  Regardless of which Party files the motion, the Party seeking to maintain a "Confidential" designation disclosure

bears the burden of establishing good cause for why the document should not be de-designated. A Party who disagrees with another Party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the Parties or by order of the Court.

16.    Except as set forth in paragraph 9, above, any Party may request at any time permission to disclose Confidential Material to a person other than those permitted under paragraph 11 above (or to use such information in a manner prohibited by this Stipulated Protective Order) by serving a written request (including via email) upon the Producing Party. Any such request shall identify the Confidential Material the Party wishes to disclose, to whom it wishes to make disclosure, and the reasons and purposes for the disclosure. If the requesting Party seeks to use a portion of a document disclosing Confidential Material, draft redactions shall be provided The Producing Party shall respond to the request in writing (including via email) within fourteen (14) days of its receipt of such request. Consent shall not be unreasonably withheld. If consent is withheld, the Producing Party or its counsel shall state the reasons why it is withholding such consent. Failure to respond within the fourteen (14) day period shall constitute consent to the request. Where consent is withheld, disclosure may only be made in accordance with the designation of the material as "Confidential" unless and until differing treatment is directed pursuant to order of the Court.

17.    Nothing in this Stipulated Protective Order shall bar or otherwise prevent any Party's counsel from rendering advice to his or her client(s) with respect to this Action or any other litigation or contemplated litigation and, in the course thereof, from relying upon his or her examination or knowledge of Confidential Material; provided, however, that in rendering such advice and in otherwise communicating with his or her client, such counsel shall not provide or show copies of any Confidential Material or disclose the information contained therein to any

person who is not authorized to receive such information under the provisions of this Stipulated Protective Order.

18.  The inadvertent failure to designate a document, testimony, or other material as "Confidential" prior to disclosure shall not operate as a waiver of the Party's right to later designate the document, testimony, or other material as "Confidential," subject to any other Party's right to challenge such designation pursuant to paragraph 15 above. Any Party that inadvertently or unintentionally fails to designate material as "Confidential" may send a written notice to the other Parties as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, requesting the destruction of such document, and providing replacement material with the appropriate designation. If documents, information, or material are designated as "Confidential" after the material was initially produced without these designations, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order. Promptly after receiving notice from the Producing Party of a claim of confidentiality, the Receiving Party or its counsel shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure, and the reasonable costs of doing so, if any, will be borne by the Producing Party.  If a Receiving Party learns of any unauthorized disclosure of Confidential Material not in accordance with this Protective Order, the party shall immediately upon learning of such disclosure inform the Producing Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.  Any Party reserves the right to dispute the Producing Party's designation of the document, testimony or other material as "Confidential," pursuant to the terms of paragraph 15 above.

9

19.    Except as provided in paragraphs 8 and 9 above, upon the request of the Producing Party, within thirty (30) calendar days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the Parties to resolve amicably and settle this case, the parties and any person authorized by this Stipulated Protective Order to receive Confidential Material shall return to the Producing Party or third party, or destroy, all information and documents subject to this Stipulated Protective Order, as the Producing Party may request.    Returned physical materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel.  The Party requesting the return of materials shall pay the reasonable costs of responding to its request.  For the avoidance of doubt, nothing herein shall affect Plaintiff's rights pursuant to Paragraph 9 above to retain Confidential Material for use in any other litigation or proceeding, the purpose of which is the enforcement or collection of the Judgment that is the subject of this Action, provided that a protective order is in place in said litigation or proceeding that maintains the confidentiality of the Confidential Material consistent with the provisions herein.  Notwithstanding the foregoing, outside counsel for a Party may retain archival copies of Confidential Material and work product created therefrom.  Any such archival copies that contain Confidential Material remain subject to this Protective Order.

20.    If a Producing Party gives notice to Receiving Parties that any document or information that has been produced is subject to a claim of privilege, work-product protection, or any other privilege or protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Pursuant to Federal Rule of Evidence 502(d) and (e), no privilege or protection is waived by the disclosure of documents or information connected with this litigation pending before this Court.

21.     This Stipulated Protective Order shall not constitute a waiver of any Party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony, or other information.

22.     Nothing in this Stipulated Protective Order shall prejudice any Party from seeking amendments to expand or restrict the rights of access to and use of Confidential Material, or other modifications, subject to order by the Court.  The terms of this Stipulated Protective Order shall be deemed effective immediately upon execution by the Parties, and the Parties shall present this Stipulation to the Court for entry as a Stipulated Protective Order.  The terms of the Stipulation, however, shall be binding upon the Parties pending the entry of the Stipulated Protective Order. To the extent the terms of any Stipulated Protective Order entered by the Court differ from this Stipulation, the terms of the Stipulated Protective Order shall govern.

23.     This Stipulated Protective Order may be executed in one or more counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same document, and a legible electronic signature shall have the same effect as an original.

24.     The restrictions on disclosure and use of Confidential Material shall survive the conclusion of this Action and this Court shall retain jurisdiction of this Action after its conclusion for the purpose of enforcing the terms of this Stipulated Protective Order.

25.     This Stipulated Protective Order is binding upon the Parties to the Action, all signatories to the certification attached as Exhibit A, and all others who agree to be so bound, including their respective corporate parents, subsidiaries, and affiliates, and their respective attorneys, agents, representatives, officers, employees, and others set forth in this Stipulation.

So Stipulated:

Dated:    October 15, 2024                    JASPAN SCHLESINGER NARENDRAN LLP


                                        By:        /s/ Gayle Gerson
                                              Steven R. Schlesinger
                                              sschlesinger@jaspanllp.com
                                              Gayle S. Gerson
                                              ggerson@jaspanllp.com
                                              300 Garden City Plaza, 5th Floor
                                              Garden City, New York 11530
                                              (516) 746-8000

                                              *Attorneys for Plaintiffs*


Dated:    October 15, 2024                    ELMAN FREIBERG PLLC


                                        By:        /s/ Scott Silberfein
                                              Scott E. Silberfein
                                              ssilberfein@ef-law.com
                                              Howard Elman
                                              helman@ef-law.com
                                              950 Third Avenue, Suite 1600
                                              New York, New York  10022
                                              Tel: (646) 780-8100

                                              *Attorneys for Defendants Dentons Sirote PC
                                              and Howard Neiswender*

Dated:    October 15, 2024                MAYNARD NEXSEN PC


By:        */s/Robert Fowlkes*
      ROBERT H. FOWLKES, State Bar No. ######
      bfowlkese@maynardnexsen.com
      JOHN BOLUS, State Bar No. ######
      jbolus@mayardnexsen.com
      MARGARET SILLER
      msiller@maynardnexsen.com
      1901 Sixth Avenue N., Suite 1700
      Birmingham, Alabama 35203
      Tel: (205) 254-1188

      *Attorneys for Defendant Oakworth Capital Bank*


Dated:    October 15, 2024                TROUTMAN PEPPER HAMILTON SANDERS LLP


By:        */s/ William Taylor*
      Michael E. Baughman, Esquire
      Attorney I.D. No. 5641378
      3000 Two Logan Square
      Eighteenth and Arch Streets
      Philadelphia, PA 19103-2799
      Phone: (215) 981-4000
      Facsimile: (215) 981-4750
      Michael.Baughman@Troutman.com

      William M. Taylor, BBO #624981
      High Street Tower
      125 High Street, 19th Floor
      Boston, Massachusetts 02110
      Tel: (617) 204-5100
      William.taylor@troutman.com
      *Admitted Pro hac vice*

      *Attorneys for Defendant Vanguard Group Inc.*

Dated:  October 15, 2024                           ALLEGAERT BERGER & VOGEL LLP


By:        /s/ Charles Welcome
        David Adam Berger
        dberger@abv.com
        Lynne M. Fischman Uniman
        luniman@abv.com
        Charles S. Welcome
        cwelcome@abv.com
        111 Broadway, 20th Floor
        New York, New York  10006
        (212) 571-0550


        KAUFMAN DOLOWICH LLP

        Jack Kallus
        jkallus@kaufmandolowich.com
        40 Exchange Place, 20th Floor
        New York, New York 10005
        (212) 485-9600

        *Attorneys for Defendant Julian M. Herman*


Dated: October 21, 2024                           So Ordered:

                                                  Judge Alvin K. Hellerstein
                                                  United States District Judge


14

## EXHIBIT A

I, _____, have been advised by counsel of record for

_____ in _____ of the protective order governing the delivery,

publication, and disclosure of confidential documents and information produced in this litigation.

I have read a copy of the protective order and agree to abide by its terms.

**Error! Unknown document property name.**