UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
ARIEL E. BELEN, as Temporary Co-Trustee of
the Trust created by Harold Herman dated March 1,
1990 and as Temporary Trustee of the Trust
created by Rosemarie Herman dated November 27,
1991, and ROSEMARIE HERMAN, as Co-Trustee
of the Trust created by Harold Herman dated
March 1, 1990,

                         Plaintiffs,

  -against-

JULIAN M. HERMAN, ROCLA, LLC, ROCLAB,
LLC, THE VANGUARD GROUP, INC.,
OAKWORTH CAPITAL BANK, DENTONS
SIROTE, PC, DENTONS US LLP, and HOWARD
NEISWENDER,

                        Defendants.
------------------------------------------------------------- x

**SUMMARY ORDER DENYING DEFENDANT'S MOTION TO STRIKE**

22 Civ. 6455 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Defendant Julian M. Herman ("Defendant") moves to strike various paragraphs from Plaintiffs' Second Amended Complaint ("SAC"), concerning allegations that Defendant (i) defrauded his sister, resulting in the judgment that is the subject of this suit; (ii) encumbered his real property assets to obstruct Plaintiffs' efforts to enforce the judgment; and (iii) incorporated limited liability companies in South Dakota to transfer his assets overseas due to the state's lax regulatory climate. I deny this motion.

      Under Fed. R. Civ. P. 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" either *sua sponte*, or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Allegations may be "stricken as

1

scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." *Brown v. Maxwell*, 929 F.3d 41, 51 n.42 (2d Cir. 2019) (citation omitted); *see also Spiegel v. Estee Lauder, Inc.*, 23 Civ. 11209 (DLC), 2024 U.S. Dist. LEXIS 123188, at *12 (S.D.N.Y. July 11, 2024) (denying motion to strike allegations that defendant attempted to "'appease' the Black Lives Matter movement" since these "allegations, however, bear faint if any relevance to [plaintiff's] claims."). As to motions to strike on the grounds of impertinence and immateriality, "it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). Since lawsuits are not "won or lost on the pleadings alone," courts "should not tamper with the pleadings unless there is a strong reason for so doing." *Id.*

As a threshold matter, Defendant's motion is untimely under Fed. R. Civ. P. 12(f). The same allegations that Defendant moved to strike here, through his motion of October 2, 2024 (ECF No. 107), were included in Plaintiffs' (i) initial complaint, filed in state court on June 24, 2022, and removed to this Court on July 29, 2022 (ECF No. 2); (ii) first amended complaint, filed on September 22, 2022 (ECF No. 19); and (iii) SAC, filed on January 30, 2024 (ECF No. 58). Defendant proffers no good cause for this long delay. Courts routinely deny untimely motions to strike, and I so do here. *See, e.g., Bishop v. Toys "R" Us, LLC*, 04 Civ. 9403 (PKC), 2009 U.S. Dist. LEXIS 17377, at *8 (S.D.N.Y. Feb. 19, 2009), *aff'd* 385 F. App'x 38 (2d Cir. 2010); *Feitshans v. Kahn*, 06 Civ. 2125 (SAS), 2007 U.S. Dist. LEXIS 24693, at *7 (S.D.N.Y. Mar. 30, 2007); *A.W.S. v. Southampton Union Free Sch. Dist.*, 19 Civ. 889 (DRH), 2022 U.S. Dist. LEXIS 72546, at *6 (E.D.N.Y. Apr. 20, 2022).

2

Defendant's motion also fails on the merits. The allegations in the SAC that Defendant seeks to strike are relevant to provide critical context to this action, and to help explain its complicated history and background. *See, e.g., Lynch v. Southampton Animal Shelter Found. Inc.*, 278 F.R.D. 55, 68 (E.D.N.Y. 2011) ("[A]llegations that supply background or historical material or other matter of an evidentiary nature normally will not be stricken from the pleadings"); *G.L.M. Sec. & Sound, Inc. v. Lojack Corp.*, 10 Civ. 4701 (JS), 2012 U.S. Dist. LEXIS 142549, at *20-*21 (E.D.N.Y. Sept. 28, 2012) (denying motion to strike background information that provided context for suit). Moreover, I cannot say that these allegations would not be admissible at trial. *See* Fed. R. Evid. 404(b) (evidence of other bad acts admissible to prove, *inter alia*, intent or motive); *United States v. Towne*, 870 F.2d 880, 886 (2d Cir. 1989) (evidence providing background as to the case on trial is admissible).

The Clerk of Court shall terminate ECF No. 107.

SO ORDERED.

Dated:  March __, 2025
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3