UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ARIEL E. BELEN, as Temporary Co-Trustee of :
the Trust created by Harold Herman dated March 1, :  **ORDER REGULATING**
1990 and as Temporary Trustee of the Trust : **PROCEEDINGS**
created by Rosemarie Herman dated November 27, :
1991, and ROSEMARIE HERMAN, as Co-Trustee : 22 Civ. 6455 (AKH)
of the Trust created by Harold Herman dated :
March 1, 1990, :
:
                                 Plaintiffs, :
:
  -against- :
:
JULIAN M. HERMAN, ROCLA, LLC, ROCLAB, :
LLC, THE VANGUARD GROUP, INC., :
OAKWORTH CAPITAL BANK, DENTONS :
SIROTE, PC, DENTONS US LLP, and HOWARD :
NEISWENDER, :
:
                                 Defendants. :
:
------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

       Plaintiffs have filed three motions to compel, against Defendants Dentons Sirote PC and Howard Neiswender, Defendants Vanguard Group, Inc. and Oakworth Capital Bank, and Defendant Julian Herman. ECF Nos. 143, 155, and 159. Defendants Vanguard, Oakworth, Dentons Sirote, and Howard Neiswender filed a motion for sanctions against Plaintiffs. ECF No. 166. In their opposition to that motion, Plaintiffs filed a cross-motion for sanctions against those Defendants. ECF No. 177. I address the issues raised in these motions below:

1. Defendant Julian Herman has failed to serve his own privilege log, adopt the privilege log served by the Sirote Defendants, or respond to the motion to compel pending against him. Accordingly, he has waived his privilege. The Sirote Defendants are directed promptly to produce all documents listed on their privilege log and redaction log over

1

which they asserted privilege on Mr. Herman's behalf. Plaintiffs' motion to compel the Sirote Defendants is denied as moot.

2. Plaintiffs shall identify ten documents from each of Defendant Vanguard and Defendant Oakworth's privilege logs, over which those Defendants assert a statutory privilege. Defendants shall bring those documents to a hearing to be held on June 4, 2025 at 2:30 p.m. for argument and for the Court's *ex parte* review.

3. Defendant Oakworth's motion for leave to file under seal its opposition to Plaintiffs' motion to compel is granted.

4. Plaintiffs failed to cooperate with Defendants throughout discovery and failed to collect or produce relevant documents, ultimately leading Defendants to seek this Court's intervention. Plaintiffs also sought to withhold about 12,000 documents under the guise of privilege. After reviewing selected documents from that privilege log at a hearing on April 30, 2025, I found those documents to be clearly not privileged, and Plaintiffs' conduct to be potentially sanctionable behavior. Plaintiffs then immediately withdrew their entire privilege log. Sanctions are now awarded against Plaintiffs for expenses associated with their discovery abuses. Fees and expenses are fixed at $25,000, to be divided as Defendants agree. Plaintiffs' cross-motion for sanctions against Defendants is denied.

5. Defendants' motion for an order requiring Plaintiffs to produce their attorneys for depositions is denied as premature. Once Defendants' inspection of the recently-produced documents is complete, Defendants will know whether they need those depositions. At that time, if necessary, Defendants may file a motion for such an order, providing justification for the depositions.

2

6. Plaintiffs and Defendants having consented to such an adjournment, the time for depositions is extended to August 15, 2025.

7. The status conference scheduled for June 25, 2025 is adjourned to September 15, 2025 at 10:00 a.m.

The Clerk of Court shall terminate ECF Nos. 143, 155, 159, 166, 173, 177, and 188.

SO ORDERED.

Dated: May 20, 2025
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge