

GAYLE S. GERSON
Partner
(516) 393-8238
ggerson@jaspanllp.com
REPLY TO GARDEN CITY OFFICE

August 14, 2025

**VIA ECF**
Hon. Alvin K. Hellerstein
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007-1312

> The need for a 30(b)(6) deposition is not apparent after so many depositions have been taken. However, since Scott Schwed has been offered, his deposition may be taken. Vanguard shall produce him on a date within August most convenient to the parties.
> SO ORDERED.
> 8.15.25 /s/ Alvin K. Hellerstein

Re:  Belen, et al. v. Herman, et al.
     Case No. 22-cv-6455

Dear Honorable Sir:

Plaintiffs submit this letter to respectfully request an **extension of the deadline** for the completion of depositions in this case, from August 15, 2025 to September 15, 2025, to complete the deposition of defendant The Vanguard Group, Inc.'s ("Vanguard") corporate representative. **Although all parties agree with the necessity of this extension request, the parties disagree on the contents of this letter.** Given the impending expiration of the deadline that is sought to be extended, Plaintiffs are constrained to file this letter solely on their own behalf.

Pursuant to the Order Regulating Proceedings dated May 20, 2025 (ECF No. 191), all depositions must be completed no later than August 15, 2025. The parties have completed almost all of depositions, having taken 13 depositions to date. Plaintiffs, however, have not had the opportunity to depose Vanguard's corporate representative pursuant to Fed. R. Civ. P. 30(b)(6). Despite repeated requests from Plaintiffs since early July, Vanguard did not commit to a date for its corporate representative deposition until last week.[1] That date, September 4, 2025, is well beyond the August 15, 2025 deadline by which this Court ordered all depositions to be completed.

---

[1] By email dated July 8, 2025, Plaintiffs' counsel advised Vanguard's counsel that "we are concerned that Vanguard has not committed to any date for its deposition, or identified who will be testifying." Vanguard's counsel responded, "I see no reason for your concern." By email dated July 17, 2025, Plaintiffs' counsel inquired, "[w]hen can we expect proposed dates for Vanguard's deposition, as well as the identity of Vanguard's witness?" (See Exhibit 1). By email dated July 23, 2025, Vanguard's counsel advised that they "anticipate that the corporate witness will be Scott Schwed," but are "having difficulty with the schedule." Vanguard offered August 11 as the sole



In response to Plaintiffs' concern that Vanguard's deposition would not be completed by the Court-ordered deadline, the parties agreed to enter into a stipulation to be so-ordered, providing for an extension of the deposition deadline, and reserving Plaintiffs' rights to seek any relief with respect to the Vanguard deposition that is otherwise available to them under the Federal Rules.[2]

In addition, in light of the pending hearing on privilege issues scheduled for September 2, 2025, the parties recognize the possibility that they may agree to a further modest adjournment of the Vanguard corporate representative deposition so that any such issues are resolved in advance of the deposition. Finally, pursuant to this Court's order dated August 7, 2025, Plaintiffs have agreed to voluntarily produce attorney Craig Avedisian for a deposition, and the parties are working to schedule his deposition for the earliest practicable date.

The parties agree that the requested extension of time to complete the depositions will not materially impact the time table for resolving this litigation. There is a status hearing set for September 15, 2025, by which time the Parties hope to have completed the Vanguard corporate representative deposition and have Mr. Avedisian's deposition scheduled.

Based upon the foregoing, Plaintiffs respectfully request that the Court approve the foregoing arrangement. We thank the Court for its consideration of this request.

Respectfully Submitted,

/s/ Gayle Gerson

Gayle S. Gerson

cc: All counsel of record (via ECF)

---

date on which their witness could be produced, however that date was not agreeable to all parties. By email dated August 7, 2025, Vanguard proposed the date of September 4, 2025, to which all parties agreed. (See Exhibit 1).

[2] Among other things, Plaintiffs expressly reserve their right pursuant to Federal Rule 30(b)(6) to seek the production of one or more additional corporate representatives in the event that the designated witness is unable to testify as to the designated topics.

300 Garden City Plaza, Garden City, NY 11530 | Tel 516.746.8000 | Fax 516.393.8282 | www.jaspanllp.com

The Right Decision